**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-1346

OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated**,**

    Plaintiff,

v.

JAGGED PEAK ENERGY INC.,
JOSEPH N. JAGGERS,
ROBERT W. HOWARD,
SHONN D. STAHLECKER,
CHARLES D. DAVIDSON,
S. WIL VANLOH, JR.,
BLAKE A. WEBSTER,
CITIGROUP GLOBAL MARKETS INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
J.P. MORGAN SECURITIES LLC,
GOLDMAN, SACHS & CO.,
RBC CAPITAL MARKETS, LLC,
WELLS FARGO SECURITIES, LLC,
UBS SECURITIES LLC,
KEYBANC CAPITAL MARKETS, INC.,
ABN AMRO SECURITIES (USA) LLC,
FIFTH THIRD SECURITIES, INC,
PETRIE PARTNERS SECURITIES, LLC,
TUDOR, PICKERING, HOLT & CO SECURITIES, INC.,
BMO CAPITAL MARKETS CORP.,
DEUTSCHE BANK SECURITIES INC.,
EVERCORE GROUP L.L.C., and
SCOTIA CAPITAL (USA) INC.,

    Defendants.

**DEFENDANTS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants

Jagged Peak Energy Inc. ("Jagged Peak"), together with Joseph N. Jaggers, Robert W. Howard,

Shonn D. Stahlecker, Charles D. Davidson, S. Wil Vanloh, Jr., Blake A. Webster (collectively, the "Individual Defendants," and together with Jagged Peak, the "Defendants"), respectfully file this Notice of Removal of this putative class action styled *Oklahoma Police Pension & Retirement System v. Jagged Peak Energy, Inc. et al.*, Case No. 2017-CV-31757, filed by Oklahoma Police Pension and Retirement System ("Plaintiff") in the District Court of the State of Colorado, County of Denver, (the "State Court Action"), to the United States District Court for the District of Colorado. As grounds for their removal of this action, Defendants respectfully show the court as follows:

## Introduction

1. This Notice of Removal is filed in the United States District Court for the District of Colorado because the State Court Action is pending in a court situated in Denver, Colorado. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

## The State Court Action

2. On May 12, 2017, Plaintiff filed the State Court Action, styled *Oklahoma Police Pension and Retirement System v. Jagged Peak Energy Inc, et al.*, Case No. 2017-CV-31757, asserting claims against Jagged Peak, the Individual Defendants, and the sixteen underwriters of Jagged Peak's January 2017 initial public offering: Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co., RBC Capital Markets, LLC, Wells Fargo Securities, LLC, UBS Securities LLC, Keybanc Capital Markets Inc., ABN AMRO Securities (USA) LLC, Fifth Third Securities, Inc., Petrie Partners Securities, LLC, Tudor, Pickering, Holt & Co. Securities, Inc., BMO Capital Markets Corp., Deutsche Bank Securities Inc., Evercore Group L.L.C., and Scotia Capital (USA) Inc. (collectively the

"Underwriter Defendants"). *See* Civil Case Cover Sheet and Complaint, a copy of which is attached to this notice as Exhibit 1.

3. The State Court Action is a putative securities class action in which Plaintiff alleges that Defendants violated federal securities laws. Specifically, Plaintiff alleges Defendants violated Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act" or the "1933 Act"), 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, in connection with an initial public offering of Jagged Peak securities.

## This Court Has Removal Jurisdiction

4. Removal is proper pursuant to this Court's removal jurisdiction. 28 U.S.C. § 1331 provides that federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's civil action arises under the laws of the United States because Plaintiff's Complaint seeks to certify a putative class action for violation of federal statutes, specifically Sections 11, 12(a)(2), and 15 of the Securities Act. (Compl. 2, ¶ 8.) Moreover, Section 22(a) of the Securities Act provides that the "district courts of the United States" shall have jurisdiction "of all suits in equity and actions at law brought to enforce any liability or duty created" by the Securities Act. 15 U.S.C. 77v(a).

5. Conversely, state courts do not have subject matter jurisdiction over putative class action claims under the Securities Act. In 1998, as part of Congress' efforts to ensure that the federal courts would be the exclusive forum for litigation of securities class action claims, Congress amended the Securities Act through the Securities Litigation Uniform Standards Act ("SLUSA"), Pub. L. 105-353, 112 Stat. 3227 (codified as amended in scattered sections of 15 U.S.C.). The SLUSA expressly divests state courts of jurisdiction over "covered class actions" filed under the Securities Act. 15 U.S.C. § 77p(b).

6. Section 22(a) of the Securities Act states that "[t]he district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . and concurrent with State and Territorial courts, except as provided in [Section 16] with respect to *covered class actions*." 15 U.S.C. §77v(a) (emphasis added). Section 16 defines a "covered class action" as one "in which damages are sought on behalf of 50 or more people." 15 U.S.C. § 78bb(f)(5)(B)(i). Here, in the Complaint, Plaintiff seeks damages individually and on behalf of "all those who purchased the Company's common stock pursuant or traceable to the Company's Offering and Registration Statement, and who were damaged thereby" and specifically pleads that "Plaintiff believes that there are thousands of members" in the proposed class action. (Compl. 7–8, ¶¶ 52–53.)

7. Thus, this case involves a "covered class action" and, pursuant to Section 22(a), federal courts have exclusive jurisdiction. *See, e.g.*, *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) (holding that "SLUSA stripped state courts of subject matter jurisdiction over covered class claims," "leaving covered class actions raising 1933 Act claims exclusively for federal courts"); *Iron Workers Dist. Council of N. Eng. Pension Fund v. MoneyGram Int'l, Inc.*, 204 F. Supp. 3d 784 (D. Del. 2016) (holding "state courts are not 'courts of competent jurisdiction' over covered class actions based on the Securities Act, and the removal bar found in Section 22(a) does not apply to this action.").

8. Because the federal courts (and not the state courts) have original subject matter jurisdiction over this federal question case, it is properly removable to this Court under 28 U.S.C. § 1441(a). *See, e.g.*, *In re Fannie Mae 2008 Sec. Litig.*, Nos. 08-cv-7831, 09-cv-1352, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009) ("[F]ederal courts have exclusive jurisdiction over covered . . . class actions alleging claims under the 1933 Act."); *Knox*, 613 F. Supp. 2d at 425

("The exception in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction" such that "federal courts alone have jurisdiction to hear them."); *MoneyGram Int'l*, 204 F. Supp. 3d at 791.

9. Section 22(a)'s removal bar does not apply to the removal of "covered class actions" like this case. Section 22(a) explains that, "[e]xcept as provided in section [16(c)] of the [Securities Act], no case arising under [the Securities Act] and brought *in any State court of competent jurisdiction* shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (emphasis added). Because state courts do not have subject matter jurisdiction over "covered class actions," they are not "courts of competent jurisdiction" in regard to "covered class actions," and the removal bar in Section 22(a) does not apply to such cases. *See, e.g., Knox*, 613 F. Supp. 2d at 425 ("Because there are no 'state courts of competent jurisdiction' to hear covered class actions asserting 1933 Act claims and because Knox's putative class action is such a covered class action, the anti-removal provision does not bar removal of Knox's action."); *Fannie Mae*, 2009 WL 4067266, at *2.

10. Although some federal court have held that claims under the Securities Act are not removable, *e.g.*, *Plymouth Cty. Ret. Sys. v. Model N, Inc.*, No. 14-cv-04516, 2015 WL 65110, at *4 (N.D. Cal. Jan. 5, 2015), the better reasoned cases (including the only District Court to consider the issue within the 10th Circuit) have held that these claims are removable, *see, e.g.*, *Northumberland Cty. Ret. Sys. v. GMX Res., Inc.*, 810 F. Supp. 2d 1282, 1287–88 (W.D. Okla. 2011) ("This Court's natural and commonsense reading of the statutory provisions in question, in light of the clear statements of Congressional intent in connection with the enactment of SLUSA, leads the Court to conclude that the line of cases . . . relied upon by Defendants is most persuasive.

The Court therefore concludes that the present case was properly removed to federal court."). The Tenth Circuit has not ruled on this issue.

11. This case is also alternatively removable under Section 16(c) of the Securities Act. 15 U.S.C. § 77(p)(c). Section 16(c) states, "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." *Id.* § 77p(c). Subsection (b), in turn, identifies securities class actions based on (1) untrue statements or omissions or (2) deceptive sales. *See* 15 U.S.C. § 77p(b).

12. Thus, Section 16(c) authorizes the removal of class actions that allege misstatements or omissions in connection with a covered security. 15 U.S.C. § 77p(c). This case meets that standard. The Securities Act defines "covered security" to include a security listed on the New York Stock Exchange. 15 U.S.C. §§ 77r(b). At the relevant time period, Jagged Peak's stock was listed on the New York Stock Exchange.

13. Because this action qualifies as a covered class action, makes allegations of untrue statements or omissions, involves a covered security, and was brought in state court, under this line of cases it is also removable under Section 16(c). *See, e.g., Northumberland Cty. Ret. Sys.*, 810 F. Supp. 2d at 1287–88*; Rubin v. Pixelplus Co. Ltd.*, No. 06-cv-2964, 2007 WL 778485, at *3–4 (E.D.N.Y. Mar. 13, 2007); *see generally Knox*, 613 F. Supp. 2d at 422 & n.1 (collecting cases).[1]

14. Thus, Defendants have satisfied all elements necessary for the removal of this action pursuant to 15 U.S.C. §§ 77v(a) and 77p(c), and 28 U.S.C. § 1441.

---

[1] *Accord Brady v. Kosmos Energy Ltd.*, No. 3:12-CV-0373-B, 2012 WL 6204247, at *1 (N.D. Tex. July 10, 2012); *Pintov. Vonage Holdings Corp.*, No. 07-cv-0062, 2007 WL 1381746, at *2 (D.N.J. May 7, 2007); *Rovner v. Vonage Holdings Corp.*, No. 07-cv-0178, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007); *Lowinger v. Johnson*, No. 3:05-cv-0316, 2005 WL 2592229, at *4 (W.D. N.C. 2005); *In re King Pharms., Inc.,* 230 F.R.D. 503, 505 (E.D. Tenn. 2004).

## Removal Is Timely

15. This Notice of Removal of the State Court Action is timely made within thirty days after Plaintiff served Jagged Peak on May 15, 2017. *See* 28 U.S.C. § 1446(b); Notice of Service, copy of which is attached to this notice as Exhibit 1.

## Venue Is Proper

16. Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in Denver, Colorado.

## Defendants Have Complied with § 1446 and the Local Rules

17. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served on counsel for Plaintiff, and Defendants will promptly file a written notice of the filing of this Notice of Removal with the Clerk of the Denver County District Court, Colorado, in the State Court Action.

18. In accordance with 28 U.S.C. § 1441(b), all Defendants properly joined and served are joining in or consenting to this Notice of Removal.[2] The Underwriter Defendants join in and consent to removal, as reflected in the Joinder in and Consent to Removal filed simultaneously herewith.

19. In compliance with District of Colorado Local Civil Rule 81.1.(a), Defendants are filing in a timely manner with the Clerk of this Court a copy of the state court's Delay Reduction Order together with all process, pleadings, and other orders served upon Jagged Peak or filed in the state court.

---

[2] Although the Individual Defendants have not been served by Plaintiff, the Individual Defendants have agreed to accept service.

20. The parties have agreed to extend Defendants' time to answer or otherwise respond to the Complaint until after the selection of lead counsel, and the parties will file an appropriate motion requesting that the Court grant such extensions. By filing this Notice of Removal, Defendants do not waive any of their rights or defenses including, without limitation, failure to state a claim upon which relief can be granted.

21. No further proceedings or hearings have been set in the state court from which this case is being removed.

Dated: June 2, 2017

Respectfully submitted,

*/s/ Andrew R. Shoemaker*
Andrew R. Shoemaker
Colo. State Bar No. 26710
Shoemaker Ghiselli + Schwartz LLC
1811 Pearl Street
Boulder, Colorado 80302
Telephone:     303.530.3452
Facsimile:      303.530.4071
ashoemaker@sgslitigation.com

VINSON & ELKINS LLP
Michael Holmes
Tex. State Bar No. 001428
Andy Jackson
Tex. State Bar No. 24055720
George Padis
Tex. State Bar No. 24088173
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Telephone:     214.220.7700
Facsimile:      214.220.7716
mholmes@velaw.com
ajackson@velaw.com
gpadis@velaw.com

*Attorneys for Jagged Peak, and the Individual Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this June 2, 2017 a true and accurate copy of the foregoing **NOTICE OF REMOVAL** was filed and served via ECF on the following adverse parties:

**THE SHUMAN LAW FIRM**
Rusty E. Glenn
600 17th Street, Suite 2800 South
Denver, CO 80202
Telephone: (303) 861-3003
Facsimile: (303) 536-7849
Email: rusty@shumanlawfirm.com

Kip B. Shuman
Post-Montgomery Ctr.
One Montgomery Street, Ste. 1800
San Francisco, CA 94104
Telephone: (303) 861-3003
Facsimile: (303) 536-7849
Email: kip@shumanlawfirm.com

*Local Counsel for Plaintiff*

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
Thomas L. Laughlin IV
Donald A. Broggi
Rhiana L. Swartz
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
Email: tlaughlin@scott-scott.com
dbroggi@scott-scott.com
rswartz@scott-scott.com

*Attorneys for Plaintiff Oklahoma Police Pension and Retirement System*

*/s/ Alanna Moore*