# EXHIBIT 1

| | |
|---|---|
| District Court Denver County, Colorado<br>Court Address: 1437 Bannock Street, Rm. 256<br>Denver, CO 80202<br><br>Plaintiff(s): Oklahoma Police Pension and Retirement System, Individually and on behalf of all others similarly situated<br>v.<br>Defendant(s): Jagged Peak Energy Inc. et al. | DATE FILED: May 12, 2017 10:36 AM<br>FILING ID: 5222070DAAD3B<br>CASE NUMBER: 2017CV31757<br><br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Rusty Glenn; The Shuman Law Firm<br>600 17th Street, Ste. 2800 South<br><br>Phone Number: 303-861-3003 E-mail: rusty@shumanlawfirm.com<br>FAX Number: 303-536-7849 Atty. Reg. #: 39183 | Case Number:<br><br><br><br>Division Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

☐ This case is governed by C.R.C.P. 16.1 because:

- The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*
- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☒ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☒ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*


©2013, 2014, 2015 Colorado Judicial Department for use in the Courts of Colorado

❑ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

❑ C.R.C.P. 16.1 applies to this case.

❑ C.R.C.P. 16.1 does not apply to this case.

**3.** ■ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: 5/12/2017

S/ Rusty E. Glenn
Signature of Party or Attorney for Party


©2013, 2014, 2015 Colorado Judicial Department for use in the Courts of Colorado

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO**<br><br>Court Address: 1437 Bannock Street, Room 256, Denver, CO 80202 | DATE FILED: May 12, 2017 10:36 AM<br>FILING ID: 5222070DAAD3B<br>CASE NUMBER: 2017CV31757 |
| **Plaintiff:** OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>**Defendants:** JAGGED PEAK ENERGY INC, JOSEPH N. JAGGERS, ROBERT W. HOWARD, SHONN D. STAHLECKER, CHARLES D. DAVISON, S. WIL VANLOH, JR., BLAKE A. WEBSTER, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO., RBC CAPITAL MARKETS, LLC, WELLS FARGO SECURITIES, LLC, UBS SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., ABN AMRO SECURITIES (USA) LLC, FIFTH THIRD SECURITIES, INC., PETRIE PARTNERS SECURITIES, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, INC., BMO CAPITAL MARKETS CORP., DEUTSCHE BANK SECURITIES INC., EVERCORE GROUP L.L.C., and SCOTIA CAPITAL (USA) INC. | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br><br>Rusty E. Glenn (Atty. Reg. No. 39183)<br>THE SHUMAN LAW FIRM<br>600 17th Street, Ste. 2800 South<br>Denver, CO 80202<br>(303) 861-3003<br>rusty@shumanlawfirm.com | Case No. ____________________<br><br>Division: |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Oklahoma Police Pension and Retirement System ("Oklahoma" or "Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Jagged Peak Energy Inc.'s ("Jagged" or "the Company") press releases, Securities and Exchange Commission ("SEC") filings, analyst reports, media reports and other publicly disclosed reports and information about the defendants.

Plaintiff believes that, after a reasonable opportunity for discovery, substantial additional evidentiary support will exist for the allegations set forth herein against Jagged, Joseph N. Jaggers, Robert W. Howard, Shonn D. Stahlecker, Charles D. Davison, S. Wil VanLoh, Jr., Blake A. Webster, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co., RBC Capital Markets, LLC, Wells Fargo Securities, LLC, UBS Securities LLC, KeyBanc Capital Markets Inc. ABN AMRO Securities (USA) LLC, Fifth Third Securities, Inc., Petrie Partners Securities, LLC, Tudor, Pickering, Holt & Co. Securities, Inc., BMO Capital Markets Corp., Deutsche Bank Securities Inc., Evercore Group L.L.C., and Scotia Capital (USA) Inc. (collectively, "Defendants").

## NATURE OF THE ACTION

1. This is a securities class action on behalf of Plaintiff and all other persons or entities, except for Defendants, who purchased or otherwise acquired Jagged securities pursuant and/or traceable to the Company's public offering of approximately $474 million of Jagged shares, by Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co., RBC Capital Markets, LLC, Wells Fargo Securities, LLC, UBS Securities LLC, KeyBanc Capital Markets Inc. ABN AMRO Securities (USA) LLC, Fifth Third Securities, Inc., Petrie Partners Securities, LLC, Tudor, Pickering, Holt & Co. Securities, Inc., BMO Capital Markets Corp., Deutsche Bank Securities Inc., Evercore Group L.L.C., and Scotia Capital (USA) Inc., on or around January 27, 2017 (the "Offering") seeking to pursue ***strict liability and negligence*** remedies under the Securities Act of 1933 (the "Securities Act").

## INTRODUCTION

2. Jagged is an oil and natural gas company. The Company focuses on the acquisition and development of unconventional oil and associated natural gas reserves in the Delaware Basin, a sub-basin of the Permian Basin of West Texas. Jagged is incorporated in Delaware and has its principal executive office in Denver, Colorado. Jagged's stock is listed and traded on the New York Stock Exchange ("NYSE") under the ticker symbol "JAG."

3. On or around January 27, 2017, Jagged conducted the Offering, selling 31,599,334 shares at a price to the public of $15.00 per share.

4. In violation of the Securities Act, Defendants negligently issued untrue statements of material facts and omitted to state material facts required to be stated in the Registration Statement and incorporated Offering Materials that the Company filed with the SEC in support

of the Offering. Defendants are strictly liable for any and all material untrue statements or omissions in the Offering Materials. Furthermore, because this case involves a Registration Statement, Defendants also had an independent, affirmative duty to provide adequate disclosures about adverse conditions, risks, and uncertainties. *See* Item 303 of SEC Reg. S-K, 17 C.F.R. §229.303(a)(3)(ii). Thus, Defendants had an affirmative duty to ensure that the Registration Statement and the materials incorporated therein disclosed material trends and uncertainties that they knew, or should have reasonably expected, would have a materially adverse impact on Jagged's business. Defendants failed to fulfill this obligation as well.

5. Unbeknownst to investors, the Registration Statement's representations were materially untrue, inaccurate, misleading, and/or incomplete because, upon information and belief, at the time of the Offering, the Company failed to disclose issues concerning the positioning of its acreage in the Delaware Basin.

6. This known but undisclosed information had a material adverse effect on the Company's stock price. Since the Offering, the price of Jagged stock has fallen from its IPO price of $15.00 to $12.01 per share (as of market close on May 11, 2017), approximately 20% less than the IPO.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to Colo. Const. Art. VI, §9 and §22 of the Securities Act, 15 U.S.C. §77v. As courts of general jurisdiction, the district courts in Colorado have the authority to consider questions of law and equity and to award legal and equitable remedies. In addition, Defendants' principal place of business is located in the State of Colorado and many of the Defendants have offices in Colorado.

8. This action is not removable. The claims alleged herein arise under §§11, 12(a)(2) and 15 of the Securities Act. *See* 15 U.S.C. §§77k, 77l(a)(2) and 77o. Jurisdiction is conferred by §22 of the Securities Act and venue is proper pursuant to §22 of the Securities Act. Section 22 of the Securities Act explicitly states that "[e]xcept as provided in section 16(c), no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court in the United States." Section 16(c) refers to "covered class actions," which are defined as lawsuits brought as class actions or brought on behalf of more than 50 persons asserting claims under state or common law. This is an action asserting federal law claims. Thus, it does not fall within the definition of "covered class action" under §16(b)-(c) and therefore is not removable to federal court.

9. This Court has personal jurisdiction over each of the Defendants because they are either citizens of the State of Colorado and/or the claims and allegations asserted herein arise from conduct and actions taken by the Defendants, which occurred within the State of Colorado, including the operations of Jagged and various meetings of the Board of Directors (the "Board"), such that due process of law will not be offended by this Court's exercise of personal jurisdiction over each of the Defendants. *See* Colo. Rev. Stat. §13-l-124(1)(a).

10. Venue is proper, pursuant to C.R.C.P. 98(c), because many of the Defendants have places of business in Denver County, Colorado, Jagged has its principal place of business

located within Denver County, Colorado, and numerous actions relating to the claims at issue in this action occurred within this Court's venue, including the preparation and dissemination of the materially inaccurate, misleading, and incomplete Registration Statement and Prospectus (which were prepared by, or with the participation, acquiescence, encouragement, cooperation, and/or assistance of, the Defendants), which occurred in whole or substantial part in this county.

## PARTIES

### A. Plaintiff

11. Plaintiff Oklahoma Police Pension and Retirement System is a governmental pension system that provides pension and disability benefits for municipal police officers in the State of Oklahoma. Its stated mission is to provide secure retirement benefits for its approximately 8,000 members and their beneficiaries. Oklahoma purchased shares of Jagged pursuant to and/or traceable to the Offering and was damaged thereby. Plaintiff brings this action as an individual, and on behalf of all others similarly situated.

### B. Defendants

12. Defendant Jagged is an oil and natural gas company. The Company focuses on the acquisition and development of oil and associated natural gas reserves in the Delaware Basin, a sub-basin of the Permian Basin of West Texas. Jagged is incorporated in Delaware and has its principal executive office at 1125 17th Street, Suite 2400, Denver, Colorado 80202. Jagged's stock is listed and traded on the New York Stock Exchange ("NYSE") under the ticker symbol "JAG."

13. Defendant Joseph N. Jaggers ("Jaggers") was, at all relevant times, the Chairman of Jagged's Board, and the Company's Chief Executive Officer ("CEO") and President. Defendant Jaggers signed, or authorized the signing of, the Registration Statement.

14. Defendant Robert W. Howard ("Howard") was, at all relevant times, the Executive Vice President and Chief Financial Officer ("CFO") of Jagged. Defendant Howard signed, or authorized the signing of, the Registration Statement.

15. Defendant Shonn D. Stahlecker ("Stahlecker") was, at all relevant times, Controller of Jagged. Defendant Stahlecker signed, or authorized the signing of, the Registration Statement.

16. Defendant Charles D. Davidson ("Davidson") was, at all relevant times, a Director of Jagged's Board. Defendant Davidson signed, or authorized the signing of, the Registration Statement.

17. Defendant S. Wil VanLoh, Jr. ("VanLoh") was, at all relevant times, a Director of Jagged's Board. Defendant VanLoh signed, or authorized the signing of, the Registration Statement.

18. Defendant Blake A. Webster ("Webster") was, at all relevant times, a Director of Jagged's Board. Defendant Webster signed, or authorized the signing of, the Registration Statement.

19. Defendants Jaggers, Howard, Stahlecker, Davidson, VanLoh, and Webster are collectively referred to herein as the "Individual Defendants."

20. The Individual Defendants each participated in the preparation of, and signed (or authorized the signing of), the Registration Statement. Defendant Jagged and the Individual Defendants who signed (or authorized the signing of) the Registration Statement are strictly liable for the materially untrue and misleading statements incorporated into the Registration Statement. The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of Jagged's reports to the SEC, press releases, and presentations to securities analysts, money and portfolio managers, and institutional investors, *i.e.*, the market.

21. Defendant Citigroup Global Markets Inc. ("Citigroup") was an underwriter for the Offering. In the Offering, Citigroup agreed to purchase 8,373,825 Jagged shares.

22. Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") was an underwriter for the Offering. In the Offering, Credit Suisse agreed to purchase 6,319,867 Jagged shares.

23. Defendant J.P. Morgan Securities LLC ("J.P. Morgan") was an underwriter for the Offering. In the Offering, J.P. Morgan agreed to purchase 6,319,867 Jagged shares.

24. Defendant Goldman, Sachs & Co. ("Goldman Sachs") was an underwriter for the Offering. In the Offering, Goldman Sachs agreed to purchase 1,895,960 Jagged shares.

25. Defendant RBC Capital Markets, LLC ("RBC") was an underwriter for the Offering. In the Offering, RBC agreed to purchase 1,895,960 Jagged shares.

26. Defendant Wells Fargo Securities, LLC ("Wells Fargo") was an underwriter for the Offering. In the Offering, Wells Fargo agreed to purchase 1,895,960 Jagged shares.

27. Defendant UBS Securities LLC ("UBS") was an underwriter for the Offering. In the Offering, UBS agreed to purchase 947,980 Jagged shares.

28. Defendant KeyBanc Capital Markets Inc. ("KeyBanc") was an underwriter for the Offering. In the Offering, KeyBanc agreed to purchase 789,983 Jagged shares.

29. Defendant ABN AMRO Securities (USA) LLC ("ABN AMRO") was an underwriter for the Offering. In the Offering, ABN AMRO agreed to purchase 473,990 Jagged shares.

30. Defendant Fifth Third Securities, Inc. ("Fifth Third") was an underwriter for the Offering. In the Offering, Fifth Third agreed to purchase 473,990 Jagged shares.

31. Defendant Petrie Partners Securities, LLC ("Petrie Partners") was an underwriter for the Offering. In the Offering, Petrie Partners agreed to purchase 473,990 Jagged shares.

32. Defendant Tudor, Pickering, Holt & Co. Securities, Inc. ("Tudor") was an underwriter for the Offering. In the Offering, Tudor agreed to purchase 473,990 Jagged shares.

33. Defendant BMO Capital Markets Corp. ("BMO") was an underwriter for the Offering. In the Offering, BMO agreed to purchase 315,993 Jagged shares.

34. Defendant Deutsche Bank Securities Inc. ("Deutsche Bank") was an underwriter for the Offering. In the Offering, Deutsche Bank agreed to purchase 315,993 Jagged shares.

35. Defendant Evercore Group L.L.C. ("Evercore") was an underwriter for the Offering. In the Offering, Evercore agreed to purchase 315,993 Jagged shares.

36. Defendant Scotia Capital (USA) Inc. ("Scotia") was an underwriter for the Offering. In the Offering, Scotia agreed to purchase 315,993 Jagged shares.

37. Defendants Citibank, Credit Suisse, J.P. Morgan, Goldman Sachs, RBS, Wells Fargo, UBS, KeyBanc, ABN AMRO, Fifth Third, Petrie Partners, Tudor, BMO, Deutsche Bank, Evercore, and Scotia are referred to collectively herein as the "Underwriter Defendants." The Underwriter Defendants each served as a financial advisor for, and assisted in the preparation and dissemination of, the Company's materially untrue and misleading Registration Statement and Prospectus.

38. The Underwriter Defendants are primarily investment banking houses which specialize, *inter alia*, in underwriting public offerings of securities. As the underwriters of the Offering, the Underwriter Defendants earned lucrative underwriting fees as a result of their participation in the Offering.

39. In addition, the Underwriter Defendants met with potential investors and presented highly favorable, but materially incorrect and/or materially misleading, information about the Company, its business, products, plans, and financial prospects and/or omitted to disclose material information required to be disclosed under the federal securities laws and applicable regulations promulgated thereunder.

40. Representatives of the Underwriter Defendants also assisted the Company and Individual Defendants in planning the Offering. They also purported to conduct an adequate and reasonable investigation into the business, operations, products, and plans of the Company, an undertaking known as a "due diligence" investigation. During the course of their "due diligence," the Underwriter Defendants had continual access to confidential corporate information concerning the Company's business, financial condition, products, plans, and prospects.

41. In addition to having unlimited access to internal corporate documents, the Underwriter Defendants and/or their agents, including their counsel, had access to the Company's lawyers, management, directors, and top executives to determine: (i) the strategy to best accomplish the Offering; (ii) the terms of the Offering, including the price at which the Company's common stock would be sold; (iii) the language to be used in the Registration Statement; (iv) what disclosures about the Company would be made in the Registration Statement; and (v) what responses would be made to the SEC in connection with their review of the Registration Statement. As a result of those constant contacts and communications between the Underwriter Defendants' representatives and the Company's management and top executives, at a minimum, the Underwriter Defendants were negligent in not knowing of the Company's undisclosed existing problems and plans and the materially untrue statements and omissions contained in the Registration Statement, as detailed herein.

42. The Underwriter Defendants caused the Registration Statement to be filed with the SEC and to be declared effective in connection with the offer and sales of the Company's shares pursuant and/or traceable to the Offering and relevant offering materials, including to Plaintiff and the Class (defined below).

43. Pursuant to the Securities Act, the Underwriter Defendants are liable for the untrue and misleading statements in the Offering's Registration Statement and Prospectus. The Underwriter Defendants' negligent due diligence investigation was a substantial factor leading to the harm complained of herein.

## SUBSTANTIVE ALLEGATIONS

### I. JAGGED PEAK ENERGY INC.

44. Jagged is an independent oil and natural gas company focused on acquisition and development in Texas' Southern Delaware Basin.

### II. THE OFFERING AND THE COMPANY'S MATERIALLY UNTRUE AND INCOMPLETE REGISTRATION STATEMENT AND PROSPECTUS

45. On or around January 27, 2017, Jagged conducted the Offering, selling 31,599,334 shares of Jagged at a price of $15.00 per share. The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts, or omitted to state facts necessary to make the statements not misleading, and was not prepared in accordance with the rules and regulations governing its preparation. Given the Individual Defendants' interest in ensuring a favorably high offering price, it is hardly surprising that the Company's Registration Statement, and Prospectus incorporated therein, presented a highly positive picture of the Company's business, performance, prospects, and acreage, while omitting crucial realities.

46. The Company stated the following in its Registration Statement, in pertinent part:

> We are a growth-oriented, independent oil and natural gas company focused on the acquisition and development of unconventional oil and associated liquids-rich natural gas reserves in the Southern Delaware Basin, a sub-basin of the Permian Basin of West Texas and one of the most prolific unconventional resource plays in North America. Our acreage is located on large, contiguous blocks in the adjacent counties of Winkler, Ward, Reeves and Pecos, with significant original oil-in-place within multiple stacked hydrocarbon-bearing formations.

47. The Company further stated the following in its Registration Statement regarding its acreage, in pertinent part:

> Our acreage is exclusively located in the core oil window of the Southern Delaware Basin. We generally consider the core oil window of the Southern Delaware Basin to be the eastern and southern portion of the basin, which is characterized by high oil saturation and favorable over-pressured conditions.

48. The Company further stated the following in its Registration Statement regarding its acreage, in pertinent part:

> At our inception, we specifically targeted the Southern Delaware Basin due to the abundant amount of oil-in-place, stacked pay potential, low breakeven-prices, attractive well economics, favorable operating environment and in-place midstream infrastructure. We have assembled our current acreage position by executing privately sourced acquisitions of largely undeveloped acreage and through grassroots leasing.

49. The above statements were materially untrue and misleading and omitted material information because, upon information and belief, at the time of the Offering, the Company failed to disclose the risks of its acreage, including that that many of its wells were positioned in an area where extractability had not been tested and therefore there was significant risk that its wells would produce less than other wells in the Southern Delaware Basin.

50. In addition, pursuant to Item 303 of Regulation S-K (17 C.F.R. §229.303) and the SEC's related interpretive releases thereto, including any known trends, issuers are required to disclose events or uncertainties that have had, or are reasonably likely to cause, the registrant's financial information not to be indicative of future operating results. Any adverse events and/or uncertainties associated with well production were reasonably likely to have a material impact on Jagged's profitability and therefore, were required to be (but were not) disclosed in the Registration Statement under Item 303.

51. Since the Offering, Jagged shares have fallen approximately 20% as investors learn more about Jagged's disadvantageous position.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action as a class action on behalf of a Class consisting of all those who purchased the Company's common stock pursuant or traceable to the Company's

Offering and Registration Statement, and who were damaged thereby (the "Class"), pursuant to Rules 23(a) and (b)(2) of the Colorado Rules of Civil Procedure. Excluded from the Class are Defendants; the officers and directors of the Company at all relevant times; members of their immediate families, and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest.

53. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members of the proposed Class. The members of the proposed Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using customary forms of notice that are commonly used in securities class actions.

54. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct.

55. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and securities litigation.

56. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a. whether the federal securities laws were violated by Defendants' acts as alleged herein;

b. whether the Prospectus and Registration Statement contained materially false and misleading statements and omissions; and

c. to what extent Plaintiff and members of the Class have sustained damages and the proper measure of damages.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FIRST CLAIM
**Violations of §11 of the Securities Act**
**Against All Defendants**

58. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

59. This Claim is brought pursuant to §11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against each of the Defendants.

60. The Registration Statement was inaccurate and misleading, contained untrue statements of material facts, omitted facts necessary to make the statements made therein not misleading, and omitted to state material facts required to be stated therein.

61. The Company is the issuer of the securities purchased by Plaintiff and the Class. As such, the Company is strictly liable for the materially untrue statements contained in the Registration Statement and the failure of the Registration Statement to be complete and accurate.

62. The Individual Defendants each signed or authorized the signing of the Registration Statement. As such, each is strictly liable for the materially inaccurate statements contained in the Registration Statement and the failure of the Registration Statement to be complete and accurate, unless they are able to carry their burden of establishing an affirmative "due diligence" defense. The Individual Defendants each had a duty to make a reasonable and diligent investigation of the truthfulness and accuracy of the statements contained in the Registration Statement, and to ensure that they were true and accurate, that there were no omissions of material facts that would make the Registration Statement misleading, and that the document contained all facts required to be stated therein. In the exercise of reasonable care, the Individual Defendants should have known of the material misstatements and omissions contained in the Registration Statement and also should have known of the omissions of material facts necessary to make the statements made therein not misleading. Accordingly, the Individual Defendants are liable to Plaintiff and the Class.

63. The Underwriter Defendants each served as underwriters in connection with the Offering. As such, each is strictly liable for the materially inaccurate statements contained in the Registration Statement and the failure of the Registration Statement to be complete and accurate, unless they are able to carry their burden of establishing an affirmative "due diligence" defense. These Defendants each had a duty to make a reasonable and diligent investigation of the truthfulness and accuracy of the statements contained in the Registration Statement. They had a duty to ensure that they were true and accurate, that there were no omissions of material facts that would make the Registration Statement misleading, and that the documents contained all facts required to be stated therein. In the exercise of reasonable care, the Underwriter Defendants should have known of the material misstatements and omissions contained in the Registration Statement and also should have known of the omissions of material facts necessary to make the statements made therein not misleading. Accordingly, each of the Underwriter Defendants is liable to Plaintiff and the Class.

64. By reason of the conduct herein alleged, each Defendant violated §11 of the Securities Act.

65. Plaintiff acquired the common stock pursuant or traceable to the Registration Statement, and without knowledge of the untruths and/or omissions alleged herein. Plaintiff

sustained damages, and the price of the Company's common stock declined substantially due to material misstatements in the Registration Statement.

66. This Claim was brought within one year after the discovery of the untrue statements and omissions and within three years of the date of the Offering.

67. By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages under §11, as measured by the provisions of §11(e), from the Defendants, and each of them, jointly and severally.

**SECOND CLAIM**
**Violations of §12(a)(2) of the Securities Act**
**Against All Defendants**

68. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

69. This Claim is brought pursuant to §12(a)(2) of the Securities Act, 15 U.S.C. §77l(a)(2), on behalf of the Class, against each of the Defendants.

70. Defendants were sellers, offerors, and/or solicitors of purchasers of the Company's securities offered pursuant to the Offering. Defendants issued, caused to be issued, and signed the Registration Statement in connection with the Offering. The Registration Statement was used to induce investors, such as Plaintiff and the other members of the Class, to purchase the Company's shares.

71. The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted material facts required to be stated therein. Defendants' acts of solicitation included participating in the preparation of the materially untrue and incomplete Registration Statement.

72. As set forth more specifically above, the Registration Statement contained untrue statements of material facts and omitted to state material facts necessary in order to make the statements, in light of circumstances in which they were made, not misleading.

73. Plaintiff and the other Class members did not know, nor could they have known, of the untruths or omissions contained in the Registration Statement.

74. The Defendants were obligated to make a reasonable and diligent investigation of the statements contained in the Registration Statement to ensure that such statements were true and that there was no omission of material fact required to be stated in order to make the statements contained therein not misleading. None of the Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were accurate and complete in all material respects. Had they done so, these Defendants could have known of the material misstatements and omissions alleged herein.

75. This Claim was brought within one year after discovery of the untrue statements and omissions in the Registration Statement and within three years after the Company's shares were sold to the Class in connection with the Offering.

**THIRD CLAIM**
**Violations of §15 of the Securities Act**
**Against the Individual Defendants**

76. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

77. This Claim is brought pursuant to §15 of the Securities Act, 15 U.S.C. §77o, on behalf of the Class, against the Individual Defendants.

78. The Individual Defendants were controlling persons of the Company within the meaning of §15 of the Securities Act. By reason of their ownership interest in, senior management positions at, and/or directorships held at the Company, as alleged above, these Defendants, individually and collectively, had the power to influence, and exercised the same, over the Company to cause it to engage in the conduct complained of herein.

79. By reason of such wrongful conduct, the Individual Defendants are liable pursuant to §15 of the Securities Act. As a direct and proximate result of the wrongful conduct, Class members suffered damages in connection with their purchases of the Company's shares.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. Declaring this action to be a proper class action and certifying Plaintiff as Class Representative;

B. Awarding Plaintiff and the other members of the Class compensatory damages;

C. Awarding Plaintiff and the other members of the Class rescission on their §12(a)(2) claims;

D. Awarding Plaintiff and the other members of the Class pre-judgment and post-judgment interest, as well as reasonable attorneys' fees, expert witness fees, and other costs and disbursements; and

E. Awarding Plaintiff and the other members of the Class such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATE: May 12, 2017

Respectfully submitted,

*<u>/s/ Rusty E. Glenn</u>*
Rusty E. Glenn
**THE SHUMAN LAW FIRM**
600 17th Street, Suite 2800 South
Denver, CO 80202
Telephone: (303) 861-3003
Facsimile: (303) 536-7849
Email: rusty@shumanlawfirm.com

Kip B. Shuman
**THE SHUMAN LAW FIRM**
Post-Montgomery Ctr.
One Montgomery Street, Ste. 1800
San Francisco, CA 94104
Telephone: (303) 861-3003
Facsimile: (303) 536-7849
Email: kip@shumanlawfirm.com

*Local Counsel for Plaintiff*

Thomas L. Laughlin IV
Donald A. Broggi
Rhiana L. Swartz
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
Email: tlaughlin@scott-scott.com
dbroggi@scott-scott.com
rswartz@scott-scott.com

*Attorneys for Plaintiff Oklahoma Police Pension and Retirement System*

**DENVER DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**
1437 Bannock Street, Room 256, Denver, CO 80202

DATE FILED: May 18, 2017 3:28 PM
FILING ID: D81FB3669329C
CASE NUMBER: 2017CV31757

**AFFIDAVIT OF SERVICE**

**Plaintiff(s)**
Oklahoma Police Police Pension And Retirement System

v.

**Case #: 2017CV31757**

**Defendant(s)**
Jagged Peak Energy Inc. et al.

Received on **May 12, 2017 at 12:04 PM**

I, **Gerald Deadwyler**, being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein, in the above mentioned case. I am over the age of 18, and am not a party to or otherwise interested in this matter.

On **Monday, May 15, 2017**, at **12:03 PM**, I executed service of a **DISTRICT COURT CIVIL SUMMONS; CLASS ACTION COMPLAINT AND JURRY DEMAND AND DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**, on **Jagged Peak Energy Inc.** at **The Corporation Trust Company, 7700 East Arapahoe Road, Suite 220, Centennial, County of Arapahoe, CO 80112-1268.**

**By Registered Agent Service to: PEGGY COX, Process Specialist**

I declare under penalties of perjury that the information contained herein is correct to the best of my knowledge.

Gerald Deadwyler
**Gerald Deadwyler**

*Subscribed and sworn to before me by the Affiant who is personally known to me.*

Helen B. Hays
**Notary Public**

5-17-17
**Date**

Client Reference:
Field Sheet ID: 1417770

HELEN B. HAYS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19934008056
MY COMMISSION EXPIRES JUNE 3, 2017

| | |
|---|---|
| DISTRICT COURT<br>CITY & COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: May 12, 2017<br>CASE NUMBER: 2017CV31757 |
| **Plaintiff: OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM**<br><br>**v.**<br><br>**Defendant: JAGGED PEAK ENERGY INC, et al** | ▲ **COURT USE ONLY** ▲ |
| | **Case Number: 17CV31757**<br><br>**Courtroom: 209** |
| **DELAY REDUCTION ORDER** | |

All civil courtrooms are on a delay reduction docket.

A. In all civil actions, the following deadlines must be met:

1. Trial and Case Management Conference Settings:

a. The Responsible Attorney as defined in C.R.C.P. 16(b)(2) shall file and serve a Notice to Set the case for trial and shall complete the setting of the trial within 28 days from the date the case becomes at issue. A case shall be deemed “at issue” when all parties have been served and have filed all pleadings permitted by C.R.C.P. 7, or defaults or dismissal have been entered against all non-appearing parties, or at such other time as the Court shall direct.

b. If the parties do not request to dispense with a case management conference (see ¶ 1(d) below), the notice to set trial shall also include a notice to set a Case Management Conference as required in C.R.C.P. 16(d)(1), to be held no later than 49 days after the case is at issue.

c. At least 7 days before the Case Management Conference, the parties shall file, in editable format, a proposed Case Management Order consisting of the matters set forth in C.R.C.P. 16(b)(1)-(17) and take all necessary actions to comply with those subsections.

d. All parties represented by counsel may, not later than 28 days after the case is at issue, file a proposed Case Management Order in compliance with C.R.C.P. 16(b) and may jointly request the Court to dispense with a Case Management Conference.

2. Service of Process: Returns of Service on all defendants shall be filed within 63 days after the date of the filing of the complaint.

3. Default Judgment: Application for default judgment shall be filed within 28 days after default has occurred.

4. Cases Filed Under C.R.C.P. 16.1:

   a. Not later than 49 days after the case is at issue, the Plaintiff (or the Responsible Attorney) shall file a Certificate of Compliance as required under C.R.C.P. 16.1(h). No Case Management Order or Case Management Conference is required.

B. Additionally, in all civil actions, the following provisions apply:

1. IF AN ATTORNEY OR *PRO SE* PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE. THIS ORDER SHALL BE THE INITIAL NOTICE REQUIRED BY C.R.C.P 121 § 1-10, AND C.R.C.P. 41(B)(2).

2. Plaintiff shall send a copy of this order to all other parties who enter an appearance.

3. An attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form available at:

4. https://www.courts.state.co.us/userfiles/file/Information_Regarding_Related_Cases_Form(1).doc **or** in Room 256 of the City and County Building.

cc: Plaintiff(s) or Plaintiff(s) Counsel

Date: May 12, 2017

BY THE COURT:

/s/ Jay S. Grant
District Court Judge
Denver District Court